## MUMFORD ET AL. V. BUEL.

A note executed on Saturday night, between the hours of 11 and 12 p. m. is good.

ERROR to reverse a judgment of the County Court, in an action brought by Buel v. Mumford, on a note, dated the 31st of May, A. D. 1788.

Plea in bar — That said 31st of May was Saturday, and that after the setting of the sun, and the darkness had comprehended the light on said day, said Buel caused said Mumford to be taken on an execution in his favor; and to procure said Mumford's release from said arrest, said note was given and executed between the hours of eleven and twelve at night; which time was part and parcel of the Sabbath or Lord's day,

and is void. Demurrer — Judgment of the County Court that said plea is insufficient, and for the plaintiff to recover.

Error assigned — That said County Court ought to have adjudged said plea sufficient.

Judgment — Nothing erroneous.

By the COURT. All people agree, that the artificial or solar day is the Sabbath; and that the Sabbath includes the whole of the natural day of twenty-four hours — but whether it includes the evening and night preceding, or any part of it, or the evening and night succeeding, is a matter about which mankind differ; and undoubtedly the law meant to allow them liberty of conscience, in case they do not disturb others.

The law forbids all secular business upon the Lord's day, under a penalty; it forbids all diversions and assembling together at taverns, and in the streets on Saturday evenings after sunset; on the Lord's day; and on Sabbath day evenings: By this it is clear that the legislature meant by Lord's day, the artificial day, and all arrests made on the Lord's day, are declared to be void. This transaction being at a time when the statute has not forbid the doing of secular business, nor declared it to be void; the court cannot adjudge it to be so; especially as it would be to enable the defendant to take advantage of his own wrong act, to injure the plaintiff.